Harry B. GORDON et al., Appellants,

v.

HARRIS COUNTY, Appellee.

No. B2465.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 16, 1980.

Rehearing Denied Aug. 6, 1980.

Robert L. Burns, Sears & Burns, Houston, for appellants.

Joe Resweber, County Atty., Jack N. Barbee, Asst. County Atty., Houston, for appellee.

Before COULSON, JUNELL and SALA-ZAR, JJ.

COULSON, Justice.

Harry B. Gordon and wife, Aileen Gordon, (the Gordons or appellants) appeal from the denial of a temporary injunction which they sought against Harris County (the County or appellee) in connection with a condemnation suit. The County sought to condemn 3.314 acres of the Gordons' land for road and drainage purposes. Special Commissioners, purporting to act under appointment by the county judge, made an award of $28,000.00 to the Gordons for the value of the land taken. Appellants filed objections to the award, thereby converting the administrative proceeding to a civil action. The County then placed the $28,-000.00 into the registry of the court and entered upon the land to begin construction. A temporary restraining order was issued, however, and the work was halted. After hearing, the trial court denied the temporary injunction, and this appeal was taken.

Although appellants have raised several points of error, we reach only the point which complains that the temporary injunction should have been granted because the proceedings below were void in that the County's original petition sought condemnation of a fee simple under the authority of article 6789a and articles 3264 to 3271 inclusive, which do not authorize the County to take a fee simple.

The standard which a court of civil appeals must follow in reviewing the granting or denial of a temporary injunction is set out in *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978). That review is "strictly limited to determination of whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order." 571 S.W.2d at 862. The abuse of discretion must relate to the only question before the trial court—whether the applicant was entitled to preservation of the status quo of the subject matter of the pending suit. *Id.*

In the instant case, appellants assert that the proceeding below was void inasmuch as the County, in condemning a fee simple, was purporting to act under the authority of statutes which do not authorize condemnation of a fee. Tex.Rev.Civ.Stat. Ann. art. 6789a (Vernon 1960) states:

Any Commissioners' Court is hereby authorized and empowered to acquire by purchase or by condemnation *any new or wider right-of-way or land not exceeding one hundred (100) feet in width* for stream bed diversion and drainage channels only in connection with the locating, relocating, construction, reconstruction or maintenance of any public road, and to pay for the same out of the County Road and Bridge Fund or out of any available county funds. [Emphasis added].

Tex.Rev.Civ.Stat.Ann. art. 3270 (Vernon 1968) states:

*Except where otherwise expressly provided by law*, the right secured or to be secured to any corporation or other plaintiff in this State, in the manner provided by this law, *shall not be so construed as to include the fee simple estate in lands*, either public or private, nor shall the same be lost by the forfeiture or expiration of the charter, but shall remain subject to an extension of the charter or the grant of a new charter without a new condemnation. [Emphasis added].

We have found no statute which expressly provides that the County has the power to condemn a fee simple for drainage purposes. It appears, therefore, that the County did not have the authority to do what it attempted to do. *McInnis v. Brown County Water Improvement Dist. No. 1*, 41 S.W.2d 741 (Tex.Civ.App.—Austin 1931, writ ref'd). Under these circumstances, the refusal of the trial court to grant appellants a temporary injunction to preserve the status quo was an abuse of discretion.

The judgment of the trial court is reversed and the temporary injunction prayed for below is rendered.