HARRIS COUNTY, Texas, Petitioner,

v.

Harry B. GORDON et al., Respondents.

No. B-9765.

Supreme Court of Texas.

April 8, 1981.

Rehearing Denied June 17, 1981.

Mike Driscoll, County Atty., Jack N. Barbee and Joseph T. Terracina, Asst. County Attys., Houston, for petitioner.

Sears & Burns, Robert L. Burns, Houston, for respondents.

GREENHILL, Chief Justice.

This is a condemnation proceeding in which the Gordons sought a temporary injunction. The trial court denied the injunction, but the Court of Civil Appeals reversed. It held that Harris County did not have the authority to condemn "land," as opposed to an easement, for drainage purposes. That court rendered a judgment which enjoined the County from entering the Gordons' property. 603 S.W.2d 294. The question is whether the Court of Civil Appeals abused its discretion in granting the temporary injunction. We hold that it

did. We reverse the judgment of the Court of Civil Appeals and remand the cause to the trial court for further proceedings.

Harris County sought to condemn the interest of Gordon, et al. in 3.314 acres of land out of some 72 acres owned by the Gordons. The County desired to use the land for road and drainage purposes.

The special condemnation commissioners made an award for $28,000.00 which the County paid into the registry of the court after the Gordons filed objections to the award. The County then entered the land to begin construction on the drainage project.

The Gordons applied for, and got, a temporary restraining order. A hearing was later held on the temporary injunction. After the hearing, the temporary restraining order was dissolved, and a temporary injunction was denied.

Application for a temporary injunction was filed in the Court of Civil Appeals along with the appeal from the denial of the temporary injunction by the trial court. The final judgment of the Court of Civil Appeals provided a temporary injunction. It held that the County did not have authority to condemn for a fee simple.

Article 3264a[1] and Article 6789a are sources of the County's authority to condemn for drainage purposes.[2] *Schlottman v. Wharton County*, 259 S.W.2d 325 (Tex. Civ.App.—Fort Worth 1953, writ dism'd); see *El Paso County v. Elam*, 106 S.W.2d 393 (Tex.Civ.App.—El Paso 1937, no writ).

■ Appellate review of the granting or denying of a temporary injunction is strictly limited to abuse of discretion in granting or denying the interlocutory order. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978). One element in determination of abuse of discretion is the existence of an adequate remedy at law. *Brazos River Conservation and Reclamation District v. Allen*, 141 Tex. 208, 171 S.W.2d 842, 846 (1943).

Two statutes are applicable to the availability of an injunction in condemnation cases. Article 3264a provides, in pertinent part:

That no appeal from the finding and assessment of damages by the commissioners appointed for that purpose shall have the effect of causing the suspension of work by the county in connection with which the land, right of way, easement, etc., is sought to be acquired. In case of appeal, counties shall not be required to give bond, nor shall they be required to give bond for costs.

Article 3268 provides, in pertinent part:

If the plaintiff in the condemnation proceedings should desire to enter upon and take possession of the property sought to be condemned, pending litigation, it may do so at any time after the award of the commissioners, upon the following conditions, to-wit:

1. It shall pay to the defendant the amount of damages awarded or adjudged against it by the commissioners, or deposit the same in money in court, subject to the order of the defendant, and also pay the costs awarded against it.

. . . .

3. Should it be determined on final decision of the case that the right to condemn the property in question does not exist, the plaintiff shall surrender possession thereof, if it has taken possession pending litigation, and the court shall so adjudge and order a writ of possession for the property in favor of the defendant, and the court may also inquire what damages, if any, have been suffered by the defendant by reason of the temporary possession of the plaintiff, and order the same paid out of the award or other money deposited; provided, that in any case where the award paid the defendant or appropriated by him exceeds the value of the property as determined by the final judgment, the court shall adjudge the excess to be returned to the plaintiff.

---

1. All citations refer to Vernon's Texas Civil Statutes Annotated.

2. Harris County has filed a post-submission brief in which they also claim authority to condemn a fee simple for drainage purposes under Article 1581e.

If the cause should be appealed from the decision of the county court, the appeal shall be governed by the law governing appeals in other cases; except the judgment of the county court shall not be suspended thereby.

■ The Court of Civil Appeals wrote that the County did not have the authority to condemn for a fee simple, and on this basis granted the temporary injunction. However, this action ignores the landowner's remedy provided by Article 3268(3). This statutory remedy provides for damages to the landowner for the use of the land when the condemnor does not have the right to condemn. The only limit on this award is the value of the property. The Gordons have an adequate remedy at law if it is later determined that Harris County did not have authority to condemn for a fee simple. Therefore, the Court of Civil Appeals erred in granting the injunction on the grounds stated. *Coastal Industrial Water Authority v. Houston Lighting and Power Company*, 564 S.W.2d 389, 391 (Tex. Civ.App.—Houston [14th Dist.] 1978, no writ).

It is not necessary for us to reach the issue of whether a county has the authority to condemn a fee simple for drainage purposes. We reserve the issue for determination at a later date.

We must next determine if the Gordons are entitled to temporary injunction on any other grounds. The Gordons argue that they are entitled to the injunction because the money deposited into the registry of the court was not apportioned among the various defendants in this case. Harris County named as defendants the Gordons, Homco International, Inc., Carl Smith (Tax Assessor-Collector for Harris County), and the Assessor-Collector of Taxes for the Clear Creek Independent School District. Only Carl Smith appeared before the special commissioners.

Article 3268(1) requires the County to deposit the money with the court "subject to the order of the defendant." The Gordons contend that because the money deposited was not apportioned, the County has not complied with Article 3268(1) and should be enjoined from proceeding further on their property.

The legislative history of the words "subject to the order of the defendant" was examined by this Court in *Thomas v. Housing Authority of City of Dallas*, 153 Tex. 137, 264 S.W.2d 93 (1953). The issue in that case was somewhat different, however, and the Court held that the landowner had the right to withdraw the money deposited during the pendency of the appeal without prejudicing the appeal.

In our present case, the Gordons argue that they cannot withdraw the money because the award has not been apportioned. It does not appear that they have tried to withdraw the funds or that they have attempted to agree with the other defendants on withdrawal of the funds. We know of only two other cases in which this argument was made, and in both cases the temporary injunction was denied. *Harrell v. County of LaSalle*, 348 S.W.2d 853 (Tex.Civ.App.—Eastland 1961, writ ref'd n. r. e.); *Hardy v. City of Throckmorton*, 62 S.W.2d 1104, 1106 (Tex.Civ.App.—Eastland 1933, no writ).

■ We agree that no temporary injunction should issue on this basis. Harris County has complied literally with Article 3268 and deposited the award money into the registry of the court "subject to the order of the defendants." This Court is not justified in writing exceptions into the statute so as to make it inapplicable under special factual circumstances not mentioned in the statute. *Jefferson County Drainage District No. 6 v. Gary*, 362 S.W.2d 305 (Tex. 1962); *City of Houston v. Adams*, 154 Tex. 448, 279 S.W.2d 308 (1955).

■ The Gordons argue that they are entitled to a temporary injunction for other reasons: (1) because the County's petition named "Aileen" and not "Barbara" Gordon as a party; (2) because the notice sent by the County did not have a copy of the original petition attached; (3) because one of the special commissioners had not been duly appointed; (4) because the County allegedly did not make a good faith effort to

agree on market value before commencing these proceedings; (5) and because the County's original petition allegedly did not admit title in the Gordons. We disagree. The Gordons have an adequate remedy at law by appeal, and are not entitled to a temporary injunction on any of these grounds. *Brazos River Conservation and Reclamation District v. Allen, supra.*

We hold that the Court of Civil Appeals abused its discretion in granting the temporary injunction. The judgment of the Court of Civil Appeals is reversed, the temporary injunction is vacated, and the cause is remanded to the trial court for proceedings on the merits.