**Darlene Denman SEILER, et al., Appellants,**

v.

**INTRASTATE GATHERING CORPORATION, et al., Appellees.**

No. 04–86–00286–CV.

Court of Appeals of Texas, San Antonio.

April 22, 1987.

Rehearing Denied May 20, 1987.

Craig L. Austin, Kathy H. Waldrop, San Antonio, for appellants.

Archie Carl Pierce, Austin, for appellees.

Before ESQUIVEL, REEVES and CHAPA, JJ.

## OPINION

CHAPA, Justice.

This appeal is from an order denying a temporary injunction sought by Darlene Denman Seiler (Seiler) and John C. Sharp and Sandra G. Sharp (collectively referred to as Sharp) to prevent trespass by the condemnors. Intrastate Gathering Corporation and Houston Pipe Line Company (Condemnors) initiated proceedings to condemn land owned by Seiler and Sharp for a natural gas pipeline easement. The petition for temporary injunction alleged trespass outside of Condemnors' claimed easement and trespass due to void condemnation proceedings.

Condemnors initiated these condemnation proceedings in Guadalupe County which has three district courts with eminent domain jurisdiction: the 25th District Court, the Second 25th District Court and the 274th District Court. In July and August 1985, Condemnors filed approximately ten petitions in condemnation with the judge of the 25th District Court. From each of the tracts owned by Sieler and Sharp, Condemnors sought to condemn fifty foot wide permanent easements, contiguous fifty foot wide temporary construction easements, as well as additional temporary construction easements adjacent to the Guadalupe river. The judge of the 25th District Court appointed special commissioners, who held hearings and entered awards. The Condemnors posted awards on September 4, 1985.

Seiler and Sharp timely filed objections to the awards, pleas to the jurisdiction and motions to dismiss. Among other objections, Seiler and Sharp complained of Condemnors filing their petitions with the district judge instead of the district clerk as required by TEX.PROP.CODE § 21.013(c) (Vernon 1984).[1] Condemnors filed motions to take possession of condemned property pending litigation pursuant to PROP.CODE § 21.021.

On October 29, 1985, the 25th District Court granted Sharp's motion to dismiss related to the plea to the jurisdiction. On November 9, 1985, the 25th District Court heard arguments on the following: Condemnors' motion for rehearing and motion for new trial relating to the plea to the jurisdiction filed by Sharp and the order of dismissal of the cause against Sharp which had been entered by the court on October 29, 1985; motions to dismiss for want of jurisdiction filed by Seiler; similar motions filed in two other causes which are not relevant to this appeal; Condemnors' motion for possession pending litigation. On November 27, 1985, the court granted Condemnors' motion for rehearing and motion for new trial, and then overruled Sharp's motion. The court overruled Seiler's motion to dismiss for want of jurisdiction. The Condemnors' motions for possession pending litigation were granted. The court then ordered the district clerk to make random assignments of the four condemnation actions among the three district courts in Guadalupe county with eminent domain jurisdiction. The clerk was also ordered to request the district judge of each court to

---

proceed with the appointment of special commissioners to assess the damages to the owners of the properties being condemned. The court ordered that the awards which were already assessed by the commissioners remain in full force and effect until the new awards were assessed by the newly appointed commissioners and filed pursuant to applicable law. Lastly, the court ordered that the district clerk grant writs of possession to the Condemnors for each of the properties involved.

Condemnors filed amended petitions in condemnation on December 12, 1985. The descriptions of the permanent and contiguous temporary easements were altered to follow the exact location of the installed pipeline. The temporary construction easements adjacent to the Guadalupe river were enlarged.

Seiler and Sharp filed this cause for injunctive relief in Bexar County on December 13, 1985, alleging trespass outside of the claimed easement and trespass under void condemnation proceedings. A temporary restraining order was issued. Condemnors began transporting gas through the pipeline and on December 16, 1985, they filed a motion to dissolve the temporary restraining order. On December 23, 1985, the Bexar County Court granted Condemnors' motion to transfer venue of the injunction suit to Guadalupe County. The injunction suit was transferred to the 25th District Court since the Sharp and Seiler cases had been assigned to that court by the district clerk.

The second commission hearings based on Condemnors' amended petitions in condemnation were held on January 28, 1986, and the awards were filed on January 29, 1986. On January 31, 1986, the 25th District Court held hearings on Sharp's and Seiler's motions to declare the proceedings abandoned and dismissed, applications for writ of possession, motions for contempt and motions for temporary injunction. On May 5, 1986 the 25th District Court found all of the motions unmeritorious except for a request for attorney fees. The court denied the motions and awarded attorney fees in the amount of Twelve Hundred Fifty Dollars ($1,250.00). This appeal was taken from the denial of the temporary injunction.

■■■ Appellate review of the granting or denial of a temporary injunction is strictly limited to an abuse of discretion in the granting or denial of the interlocutory order. *Harris County v. Gordon*, 616 S.W.2d 167, 168 (Tex.1981); *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978). An element in determining whether there was abuse of discretion is the existence of an adequate remedy at law. *Gordon*, 616 S.W.2d at 168; *Brazos River Conservation & Reclamation District v. Allen*, 141 Tex. 208, 171 S.W.2d 842, 846 (1943). However, an attempt to take private property for public use by virtue of eminent domain may be restrained by injunction when the proceedings are, for any reason, void. *Lone Star Gas Co. v. City of Fort Worth*, 128 Tex. 392, 98 S.W.2d 799, 801 (1936); *Smith v. Gulf States Utilities Co.*, 616 S.W.2d 300, 302 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

In their twelve points of error, Sharp and Seiler have briefed several issues which allege error in the trial court's denial of the temporary injunction. The issues asserting error due to the allowance of Condemnors' amended pleadings which changed the property descriptions and enlarged the temporary easements, inadequacies of the descriptions of the easements, lack of offer to purchase additional lands, and lack of corporate authority to condemn are all issues which can be adequately remedied through the appellate process and will not be considered here. *See Gordon*, 616 S.W.2d at 167. Points of error two through eleven are overruled. In points of error numbered one and twelve, Sharp and Seiler assert that the trial court erred in denying the temporary injunction since the condemnation proceedings were void for lack of jurisdiction due to the improper filing of the petitions in condemnation.

■■■ In a condemnation proceeding, a property owner is given a single opportunity to recover damages for the taking of his property for public use. The procedures are governed by statutes which must be

strictly followed for the benefit of the landowners. *Coastal Industrial Water Authority v. Celanese Corp. of America*, 592 S.W.2d 597, 599 (Tex.1979). The statutory scheme is a two-part process consisting of an initial administrative proceeding and then, if necessary, a judicial proceeding. When settlement terms cannot be reached between a condemnor and a landowner, the condemnor must file a statement in condemnation in the proper court of the county in which the land is located. PROP.CODE §§ 21.001; 21.012; 21.013. The filing of the statement is the first step in the proceeding and it is by virtue of this step that jurisdiction over the subject matter is acquired. *State v. Nelson*, 160 Tex. 515, 334 S.W.2d 788, 790 (1960). After the filing of the statement, the trial court judge appoints three special commissioners who conduct hearings, assess the damages and file awards which reflect their opinion of the value of the sought after land. PROP. CODE §§ 21.014–21.016. The proceedings from the time of filing of the statement in condemnation to the filing of awards by the Special commissioners are administrative in nature. *Amazon v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 242 (Tex.1984). If satisfied with the commissioners' award, the condemnor may either pay the amount to the condemnee or deposit the amount into the registry of the court. PROP. CODE § 21.021(a)(1). The Condemnor has a limited right to dismiss the proceedings. PROP.CODE § 21.019. Also, if either party is dissatisfied with the award, timely objections may be filed with the appropriate court. PROP.CODE § 21.018(a). The filing of the objections vacates the special commissioners' awards and converts the administrative proceedings into a normal pending cause with the condemnor as plaintiff and condemnee as defendant. *Amazon*, 682 S.W.2d at 242. The court's jurisdiction as a court is invoked when the objections are filed. *Denton County v. Brammer*, 361 S.W.2d 198, 200 (Tex.1962); *Grant v. United Gas Pipe Line Co.*, 457 S.W.2d 315 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n.r.e.).

Prior to 1981, TEX.REV.CIV.STAT. ANN. art. 3266a (*repealed 1984*) mandated that a petition for condemnation be filed with the district judge in all counties with no county court at law with eminent domain jurisdiction. By amending article 3266a in 1981, the legislature eliminated the availability of forum shopping by requiring that petitions in condemnation be filed with the court clerk and then distributed equally among the courts with eminent domain jurisdiction. Acts 1981, 67th Leg., ch. 227, p. 546, § 1 subsection 5(a) (eff. Aug. 31, 1981). This portion of article 3266a was codified as Property Code § 21.-013 by Acts 1983, 68th Leg., ch. 576, p. 3499 (eff. Jan. 1, 1984). TEX.PROP.CODE § 21.013 reads, in pertinent part:

> (c) A party initiating a condemnation proceeding in a county in which there is not a county court at law with jurisdiction must file the condemnation petition with the district judge or, if there is more than one district court in the county, with the district clerk.

> (d) District and county clerks shall assign an equal number of eminent domain cases in rotation to each court with jurisdiction that the clerk serves.

TEX.PROP.CODE ANN. § 21.013(c), (d) (Vernon 1984).

▇▇▇ Given the legislative history of Property Code § 21.013(c), the special nature of the court's administrative jurisdiction in eminent domain cases, and the necessity for strict statutory compliance, we conclude that the filing of a petition in condemnation is a prerequisite for the proper invocation of the court's administrative jurisdiction. Thus the trial court in the case at bar never obtained administrative jurisdiction over the cases as originally filed. The "jurisdiction of a court must be legally invoked; and when not legally invoked, the power to act is as absent as if it did not exist." *State v. Olsen*, 360 S.W.2d 398, 400 (Tex.1962).

The court's judicial jurisdiction was invoked and the administrative proceeding was converted into a normal pending cause when the objections to the commissioners' awards were filed. It is at this point that a condemnee must assert challenges to the condemnor's authority to condemn, and jur-

isdictional irregularities in the procedure as well as contesting the amount of damages awarded. *PGP Gas Products, Inc. v. Fariss,* 620 S.W.2d 559 (Tex.1981); *City of Dallas v. Martin,* 711 S.W.2d 285 (Tex. App.—Dallas 1986, writ ref'd n.r.e.); *Dyer v. State,* 388 S.W.2d 226 (Tex.Civ.App.—El Paso 1965, no writ); *Schlottman v. Wharton County,* 259 S.W.2d 325 (Tex.Civ.App. —Fort Worth 1953, error dism'd). Both Sharp and Seiler timely raised the issue of improper invocation of the court's administrative jurisdiction with their objections to the awards and neither waived their complaints.

■ A condemnee who withdraws the award deposited by a condemnor waives his right to question the compliance with jurisdictional prerequisites and he can only proceed on the sole issue of the market value of the property. *Coastal Industrial Water Authority v. Celanese Corp. of America,* 592 S.W.2d 597, 599 (Tex.1979); *State v. Jackson,* 388 S.W.2d 924, 925–26 (Tex. 1965). Neither Sharp nor Seiler have waived their complaint of Condemnors' lack of compliance with jurisdictional prerequisites by the withdrawal of the awards.

We conclude that the trial court's administrative jurisdiction was not properly invoked. Since the jurisdictional prerequisites had not been met, the trial court's actions in its administrative capacity were void for want of jurisdiction. Furthermore, since Sharp and Seiler did not waive their complaint when they invoked the trial court's judicial jurisdiction, the court only had the power to dismiss the case. Regardless of the jurisdictional issue, the court did not have the authority to reinstate the awards of the first set of special commissioners after the awards had been vacated by the filing of the objections. *See Amazon,* 682 S.W.2d at 243. Furthermore, since the administrative proceedings were void, and the awards vacated, the court had no authority to grant writs of possession to the Condemnors.

■ However, we are not of the opinion that the trial court erred in denying the temporary injunction. The second administrative proceedings were not void. While the trial court did not have the authority to order the clerk to make random assignments of the condemnation cases, we do not believe that such departure from the procedures was a detriment to Sharp or Seiler. Both Sharp and Seiler had requested that the petitions be refiled with the clerk and then randomly assigned as required by statute. Since the Condemnors' have a limited right to dismiss the proceedings, PROP.CODE § 21.019, or even to dismiss and refile without prejudice, PROP. CODE § 21.020, the Condemnors may well have contested the trial court's refiling with the clerk. It is our opinion that the second proceedings in condemnation had the effect of curing the harm caused by the initial improper filing of the petitions in condemnation. At the time of the hearing on the motion for temporary injunction, the original proceedings become moot. Hence, the trial court did not abuse its discretion in denying the motion for temporary injunction. Sharp and Seiler's points of error one and twelve are overruled.

■ Both at the trial court level and on appeal, Sharp and Seiler have complained that the trial court's action deprived them of the possibility of being awarded attorney fees and expenses under PROP.CODE §§ 21.019 and 21.020. As we have stated before, such issues are not before us on appeal from the denial of the temporary injunction. Sharp and Seiler can raise these issues on direct appeal from the second administrative proceeding. It should be noted that through this opinion we are not passing on the existence of any error that may be present in the second proceedings. This opinion is strictly limited to the review of the trial court's denial of the temporary injunction.

The judgment of the trial court is affirmed.