**The STATE of Texas, Appellant,**

v.

**Valentin GRACIA and Joan Gracia, Appellees.**

**No. 2–00–319–CV.**

Court of Appeals of Texas, Fort Worth.

July 12, 2001.

John Cornyn, Atty. Gen., Andy Taylor, First Asst. Atty. Gen., Jeffrey S. Boyd, Deputy Atty. Gen., Grady Click, Susan Desmarais Bonnen, Jack McGaffey, Asst. Attys. Gen., Austin, for appellant.

Kenneth A. Wright, Rogers & Wright, P.C., Dallas, for appellee.

Before DAY, DAUPHINOT and GARDNER, JJ.

## OPINION

GARDNER, Justice.

### I. Introduction

The 236th District Court of Tarrant County, Texas, dismissed a condemnation suit on motion by the State of Texas on behalf of the Texas Department of Transportation ("DOT"). The DOT complains that the trial court erred in awarding attorney's fees and expenses to Valentin and Joan Gracia, as condemnees, contending that only a county court at law had jurisdiction over the suit and that the district court therefore had no jurisdiction to award the fees and expenses. We affirm.

### II. Factual and Procedural Background

On October 5, 1999, the State of Texas on behalf of the Texas Department of Transportation filed a petition for condemnation in the 236th District Court of Tarrant County, seeking to condemn 3,919 square feet of land owned by the Gracias and title to a masonry building located thereon. As required by section 21.014 of the property code, the court appointed special commissioners. Tex. Prop.Code Ann. § 21.014 (Vernon 1984). Following a hearing that the Gracias did not attend, the special commissioners awarded $193,500.00 to the Gracias.

The DOT filed a motion for nonsuit and verified plea to the jurisdiction seeking dismissal of the proceeding on the basis that the 236th District Court lacked subject matter jurisdiction over the matter. Specifically, the DOT contended section 21.013(b) of the property code places jurisdiction over eminent domain proceedings exclusively in the county courts at law in counties that have one or more county courts at law, such as Tarrant County.

The Gracias did not oppose the requested dismissal, but filed their own verified plea to the jurisdiction and objections to the special commissioners' award. The Gracias also sought attorney's fees and expenses upon dismissal, pursuant to section 21.0195 of the property code. Following a hearing, the trial court signed an order of dismissal without prejudice entitled "Order Granting Non–Suit and Dismissal," awarding $7,000 in attorney's fees and $2,808.83 in other expenses to the Gracias. The DOT appeals from the order to the extent that it grants attorney's fees and expenses to the Gracias.

### III. Discussion

#### A. *Issues Presented*

The DOT first contends that the district court had no jurisdiction to award attorney's fees and expenses to the Gracias because section 21.013 of the property code placed exclusive jurisdiction over the eminent domain proceeding in the county courts at law of Tarrant County, and the district court therefore had no jurisdiction to take any action other than dismissal. The DOT further contends that section 21.0195(c), pursuant to which the attorney's fees and expenses were awarded to the Gracias, only applies where the condemnor voluntarily dismisses, not where the dismissal is for want of jurisdiction.

The Gracias respond that section 21.013 is merely a venue provision that, when not

properly followed by the State, triggers mandatory statutory remedies provided by section 21.0195. The Gracias contend that, because the DOT failed to bring the condemnation proceeding properly in this case by filing it in the court required by section 21.013, the special statutory provisions of section 21.0195 mandated the award of attorney's fees and expenses. They contend the district court had no discretion to order otherwise.

It is undisputed that the DOT filed its petition for condemnation in the wrong court. *See* TEX. PROP.CODE ANN. § 21.013 (Vernon Supp.2001). The issues we must determine are (1) whether the filing requirements of section 21.013 are jurisdictional so that the failure to comply with them deprives the trial court of jurisdiction over the case, and (2) if so, whether the district court lacked jurisdiction to award attorney's fees and expenses under section 21.0195. We answer both issues in the negative.

### *B. Applicable Law*

Section 21.001 of the property code is entitled "Concurrent Jurisdiction" and provides that "[d]istrict courts and county courts at law have concurrent jurisdiction in eminent domain cases." *Id.* § 21.001 (Vernon 1984). Section 21.013 of the property code, as amended for cases filed on or after June 1, 1999, provides in pertinent part as follows:

> **§ 21.013. Venue; Fees and Processing for Suit Filed in District Court**
>
> (a) The venue of a condemnation proceeding is the county in which the owner of the property being condemned resides if the owner resides in a county in which part of the property is located. Otherwise, the venue of a condemnation proceeding is any county in which at least part of the property is located.
>
> (b) Except as otherwise provided by law, a party initiating a condemnation proceeding in a county in which there is one or more county courts at law with jurisdiction shall file the petition with any clerk authorized to handle such filings for that court or courts.
>
> (c) A party initiating a condemnation proceeding in a county in which there is not a county court at law must file the condemnation petition with the district clerk.

*Id.* § 21.013.

If a statute's wording does not indicate whether the legislature intended to make a provision jurisdictional, we must resolve the issue by applying the rules of statutory construction. *Wichita County v. Hart,* 917 S.W.2d 779, 783 (Tex.1996); *Brown v. Owens,* 674 S.W.2d 748, 750 (Tex. 1984). In determining the legislature's intent, we must consider the entire Act, its nature and object, and the consequences which follow from each construction. *Brown,* 674 S.W.2d at 750. We must also keep in mind that the procedures set forth in the condemnation statutes must be strictly followed and their protections liberally construed for the benefit of the landowner. *John v. State,* 826 S.W.2d 138, 140 (Tex.1992); *State v. Bristol Hotel Asset Co.,* 30 S.W.3d 418, 420 (Tex.App.—San Antonio 2000, pet. granted).

The DOT argues that, prior to being amended in 1999, section 21.013 gave parties initiating condemnation proceedings the *option* to file their petitions in a county court at law if such a court existed in the county where the property in question was located.[1] As amended in 1999,

1. *See* Act of May 14, 1993, 73rd Leg., R.S., ch. 760, § 1, 1993 Tex. Gen. Laws 2965, 2965, *amended by* Act of May 25, 1999, 76th Leg., R.S., ch. 756, § 1, 1999 Tex. Gen. Laws 3373,

however, the DOT argues section 21.013(b) *requires* parties initiating condemnation proceedings to file their petitions in a county court at law if such a court exists in the county where the property is located. TEX. PROP.CODE ANN. § 21.013(b). The DOT contends that the use of the ordinarily mandatory term "shall" in section 21.013(b) indicates that it is a jurisdictional provision. *Id.* Along with other factors, we must take such mandatory language into consideration in construing the statute. *See Wichita County,* 917 S.W.2d at 783; *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084, 1087 (1926).

According to a bill analysis produced by the House Committee on Land and Resource Management:

> The exclusive use of county courts at law for condemnation hearings, where these courts are available, would improve the efficiency and effectiveness of the hearing process. District Courts often are overburdened with heavy caseloads covering a wide variety of subjects. County courts could be more efficient in conducting condemnation hearings because of their lighter caseloads.
>
> Condemnation cases, which rely heavily on complex eminent-domain laws, require expertise and careful attention that district court judges often cannot give. County court judges could develop this expertise if they were required consistently to preside over condemnation hearings. This would improve the effectiveness of the condemnation process for all participants.[2]

The DOT filed its condemnation petition in the instant case after this amendment was in effect. Therefore, the DOT argues, jurisdiction was exclusively in a county court at law and the district court thus lacked jurisdiction.

It is true that, because the cause of action for condemnation and the remedy for its enforcement did not originate in the common law but are creatures of statute, it is within the power of the legislature to designate a particular court as the exclusive tribunal to hear and determine such a suit. *Alpha Petroleum Co. v. Terrell,* 122 Tex. 257, 59 S.W.2d 364, 368 (1933); *Mingus,* 285 S.W. at 1087–88; *State v. Autumn Hills Centers, Inc.,* 705 S.W.2d 181, 182–83 (Tex.App.—Houston [14th Dist.] 1985, no writ); *Colvin v. State,* 416 S.W.2d 513, 515 (Tex.Civ.App.—Dallas 1967, no writ); *Tex. Dep't of Pub. Safety v. Cocke,* 292 S.W.2d 827, 830 (Tex.Civ.App.—Austin 1956, no writ). "[I]n special proceedings not within the common law jurisdiction, the court's statutory designation of the venue is mandatory and jurisdictional." *Alpha Petroleum,* 59 S.W.2d at 368 (quoting *Mingus,* 285 S.W. at 1088). Each of the foregoing cases, however, deals with a statutory designation of a particular *county* as the exclusive venue for filing suit. None deals with designation of a particular court within a county as the exclusive tribunal for suit.

Before 1981, petitions for condemnation were filed with the *district judge.* *See Seiler v. Intrastate Gathering Corp.,* 730 S.W.2d 133, 137 (Tex.App.—San Antonio 1987, no writ) (discussing history of predecessor statute to section 21.013(b)). As codified in 1984, section 21.013(b) allowed petitions for condemnation to be filed with the *clerk* authorized to accept filings for a particular court. Act of May 24, 1983, 68th Leg., R.S., ch. 576, § 21.013, 1983 Tex. Gen. Laws 3475, 3499 (current ver-

3373 (current version at TEX. PROP.CODE ANN. § 21.013(b)).

2. HOUSE COMM. ON LAND & RESOURCE MANAGEMENT, BILL ANALYSIS, Tex. S.B. 1187, 76th Leg., R.S. (1999) (located at *www.capitol.state.tx.us*).

sion at TEX. PROP.CODE ANN. § 21.013). Specifically, the statute, as codified in 1984, provided that, in a county with one or more county courts at law, a party "*may* file the petition with any clerk authorized to handle filings for that court or courts." *Id.* (emphasis added). In a county having no county court at law, a party was required to file the condemnation petition "with the district clerk." *Id.* To eliminate forum shopping, the clerks were then required to distribute the petitions for condemnation equally among the courts with eminent domain jurisdiction. *Id.*

In 1999, section 21.013(b) was amended to provide mandatory language regarding filing with the clerk of the county courts at law in counties containing more than one such court.[3] However, the legislature did not alter section 21.001 of the property code. To interpret section 21.013(b) as jurisdictional would create an irreconcilable conflict between that statute and section 21.001, which clearly provides that district courts and county courts at law have "concurrent jurisdiction" in eminent domain cases. A court should not assign a meaning to a statutory provision that would be inconsistent with other provisions of the act. *See Clint Indep. Sch. Dist. v. Cash Inv., Inc.,* 970 S.W.2d 535, 539 (Tex.1998). One provision will not be given a meaning out of harmony or inconsistent with other provisions even though it might be susceptible to such a construction if standing alone. *Tex. Natural Resource Conserv. Comm'n v. White,* 46 S.W.3d 864, 869–70 (Tex.2001).

Moreover, section 21.001, providing for concurrent jurisdiction, is contained in chapter 21 of the property code, subchapter A, entitled "Jurisdiction." In contrast, section 21.013(b), providing for filing with the clerk of the county courts at law in counties having one or more county courts at law, is contained in subchapter B, entitled "Procedure." These titles further support a conclusion that failure to properly invoke the court's administrative jurisdiction by filing the petition for condemnation with the wrong clerk is *procedural,* not jurisdictional. *See* TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998) (providing that, when construing a statute, court may consider titles of statutes, among other factors); *State v. Arellano,* 801 S.W.2d 128, 131 (Tex.App.—San Antonio 1990, no writ) (same).

The DOT relies upon *Seiler,* in which the San Antonio court of appeals held that the requirement of filing with the district clerk in a county with more than one district court was "jurisdictional," giving the court no alternative but to dismiss where the State improperly filed a condemnation petition with the district judge rather than with the district clerk pursuant to section 21.013(c). 730 S.W.2d at 137. However, the DOT fails to note that the court of appeals in *Seiler* also characterized the defect as an irregularity of "procedure" capable of waiver. *Id.* The court of appeals cited *PGP Gas Products, Inc. v. Fariss,* 620 S.W.2d 559, 561 (Tex.1981) (holding procedural irregularities in administrative proceedings may be waived) and *City of Dallas v. Martin,* 711 S.W.2d 285, 288 (Tex.App.—Dallas 1986, writ ref'd, n.r.e.) (holding jurisdiction not defeated by irregularity in administrative procedure in condemnation proceeding). *Id.* The *Seiler* court's reliance on these cases, in addition to its own characterization of the issue, is further indication that

3. Act of May 25, 1999, 76th Leg., R.S., ch. 756, § 1, 1999 Tex. Gen. Laws 3373, 3373 (current version at TEX. PROP.CODE ANN. § 21.013(b)) (substituting "shall file" for "may file").

it considered the improper filing as a procedural irregularity, not jurisdictional.

We decline to adopt an interpretation of section 21.013(b) placing exclusive jurisdiction in the county courts at law, as proposed by the DOT. We conclude that the district court had concurrent jurisdiction with the Tarrant County courts at law over the State's condemnation suit, regardless of whether venue was proper in the district court or a county court at law. We further conclude that the filing of a condemnation petition in district court rather than a county court at law is a procedural issue, not jurisdictional.

### *D. The Gracias are Entitled to Attorney's Fees and Expenses.*

Section 21.0195 of the property code, enacted in 1997, specifically governs the dismissal of condemnation proceedings initiated by the State on behalf of the DOT. In pertinent part, it provides:

> **§ 21.0195. Dismissal of Certain Condemnation Proceedings; Texas Department of Transportation**
>
> ....
>
> (c) If a court dismisses a condemnation proceeding on the motion of the department or as a result of the failure of the department to bring the proceeding properly, the court shall make an allowance to the property owner for the value of the department's use of the property while in possession of the property, any damage that the condemnation has caused to the property owner, and any expenses the property owner has incurred in connection with the condemnation, including reasonable and necessary fees for attorneys.

Tex. Prop. Code Ann. § 21.0195.

The DOT contends that section 21.0195 should only apply where the condemnor voluntarily dismisses and abandons the suit, not where the dismissal is for want of jurisdiction. It relies upon *Southwestern Bell Telephone Co. v. Gordon,* which held that section 21.019(a) of the property code, governing dismissals by condemnors other than the DOT, did not allow the award of attorney's fees where the condemnor was granted a dismissal for want of jurisdiction. 705 S.W.2d 767, 768 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

We disagree with the DOT for several reasons. First, the dismissal was voluntary by the DOT, and the order does not state that the dismissal is for want of jurisdiction. For that reason alone, *Gordon* is not controlling. Second, as we have just held, the district court did not lack jurisdiction of the condemnation proceedings. Therefore, the district court had jurisdiction to consider the Gracias' claim for remedial relief. Third, Section 21.0195 states that the court "shall" make an allowance to the property owner for expenses and attorney's fees incurred by the property owner in the event that a court dismisses a condemnation proceeding on the motion of the department or *"as a result of the failure of the department to bring the proceeding properly."*

We agree with the Gracias that the award of attorney's fees and expenses under section 21.0195 was mandatory. *See Bocquet v. Herring,* 972 S.W.2d 19, 20 (Tex.1998). The district court therefore had no discretion to refuse to award expenses and attorney's fees pursuant to that statute and correctly made the award upon dismissal of the condemnation suit.[4]

We overrule the DOT's issue on appeal. We affirm the district court's order award-

4. The DOT makes no contention that the fees and expenses were not properly requested and proven or that the amounts awarded were not reasonable or necessary.

ing attorney's fees of $7,000 and other expenses of $2,808.83 to the Gracias.