before the trial court. In Wittman's petition, she states, "At the center of this dispute is the placement of Petitioner Dona Wittman on a probationary contract on or about October 24, 2000." Wittman's petition contends that she is entitled to relief because "Respondent never complied with the mandatory statutory provisions to notify [her] of a proposed termination," citing section 21.158 of the Education Code. Finally, Wittman's petition sets forth an alternative argument assuming, for argument purposes only, that she is employed under a probationary contract. Therefore, unlike the petition filed in *Tijerina*, Wittman's petition can only be characterized as challenging the change in her contractual status based on improper notice—a complaint that she failed to challenge by filing a grievance in October of 2000 and a complaint that she has waived.

At the time the School District voted to terminate Wittman's contract, Wittman was employed under a probationary contract. The Board of Trustee's decision to terminate the probationary contract is final and may not be appealed. TEX. EDUC. CODE ANN. § 21.103 (Vernon Supp.2002). The Commissioner's conclusion that the hearing examiner lacked jurisdiction to consider Wittman's complaint is not erroneous. Therefore, the trial court's judgment is affirmed.

David G. SCHUMANN and Candice Schumann, Appellants,

v.

CITY OF SCHERTZ, Texas, Appellee.

No. 04–02–00362–CV.

Court of Appeals of Texas, San Antonio.

Dec. 11, 2002.

Craig L. Austin, Law Offices of Craig L. Austin, San Antonio, for Appellant.

James S. Frost, Kirkendall, Frost & Allen, P.L.L.C., Seguin, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by PHIL HARDBERGER, Chief Justice.

This is an accelerated appeal of the denial of a temporary injunction. David and Candice Schumann ("Schumanns") sought the injunction to prevent the City of Schertz ("City") from taking action in furtherance of the condemnation of the Schumanns' property. The Schumanns contend that the condemnation proceedings in the Guadalupe County Court at Law were void because the county court at law did not have eminent domain jurisdiction. In the alternative, the Schumanns contend that the proceedings were void because the petition was filed and the deposit was given to the county clerk rather than the district clerk. In addition to countering these contentions, the City asserts that the trial court did not abuse its discretion in denying the Schumanns injunctive relief because they had an adequate remedy at law through direct appeal. We affirm the trial court's order.

## Background

In May of 2001, the City filed an eminent domain action with the county clerk of Guadalupe County, seeking permanent and temporary easements across the Schumanns' land. Special commissioners were

appointed by the judge of the county court at law, and the Schumanns were served with notice of a hearing. In June of 2001, the commissioners awarded the Schumanns $6,000 in actual damages, and the City deposited $6,000 into the county clerk's registry. The Schumanns filed a plea to the jurisdiction and objection to the award of the special commissioners, asserting that the county court at law did not have eminent domain jurisdiction and the sum awarded was insufficient. It does not appear that this plea and objection have been ruled on by the county court at law.

In September of 2001, the Schumanns filed the underlying lawsuit seeking to enjoin the City from enforcing its right to take possession of the Schumanns' property in furtherance of the condemnation proceedings. The City filed its original answer, stating that the county court at law had jurisdiction over the condemnation proceedings. The City also filed a counter-petition for condemnation in the event the trial court found the condemnation proceedings in the county court at law were void.

The case was presented to the trial court based on a stipulation of facts. In addition to stipulating to the documents filed and the award rendered in the county court at law, the stipulation recites that the condemnation proceeding against the Schumanns was only one of 40 cases filed by the City in connection with the Schertz/Seguin Local Government Corporation pipeline project, which sought to bring water from southwestern Gonzales County to the cities of Schertz and Seguin. The first 36 condemnation cases were filed with the county clerk and were filed in the county court at law. Of those 36 cases, the commissioners made awards in 31 cases. In 14 of those 31 cases, the landowners filed objections to the awards and pleas to the jurisdiction with the county clerk. The landowners in each of the 14 cases are represented by the same attorney. The motion for temporary injunction filed by one of these other 14 landowners was denied, but the trial judge ordered the City to file the remaining 4 condemnation cases with the district clerk to be assigned on a rotating basis among the three district courts and the county court at law serving Guadalupe County. The motion for temporary injunction filed in the instant case was denied without further instruction.

## Standard of Review

The purpose of a temporary injunction is to preserve the status quo pending a trial on the merits. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex. 2002). "A temporary injunction is an extraordinary remedy and does not issue as a matter of right." *Id.* "To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Id.* An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Id.*

We review a trial court's ruling on a request for a temporary injunction under an abuse of discretion standard. *Id.* We may not substitute our judgment for the trial court's judgment unless the trial court's decision was so arbitrary that it exceeded the bounds of reasonable discretion. *Id.*

## Authority to Enjoin and Adequate Remedy at Law

In their first point of error, the Schumanns contend that the district court had the authority to enjoin the City from entering their property if the condemna-

tion proceedings are void. The City counters that the district court did not have the authority to grant an injunction because the Schumanns had an adequate remedy at law.

The City relies on *Harris County v. Gordon,* 616 S.W.2d 167, 168 (Tex.1981), to support its contention that the district court lacked the authority to grant an injunction because the Schumanns' had an adequate remedy at law. Both the Texas Supreme Court and our court have recognized that a district court has jurisdiction to grant an injunction to prevent an entry onto land under the colorable authority of a void condemnation proceeding. *Tonahill v. Gulf States Utilities Co.,* 446 S.W.2d 301, 303 (Tex.1969); *Seiler v. Intrastate Gathering Corp.,* 730 S.W.2d 133, 136 (Tex. App.-San Antonio 1987, no writ); *Norman v. City of San Antonio,* 467 S.W.2d 199, 200 (Tex.Civ.App.-San Antonio 1971, no writ). In *Seiler,* this court expressly recognized the "adequate remedy at law" requirement stated in *Gordon,* but then stated, "However, an attempt to take private property for public use by virtue of eminent domain may be restrained by injunction when the proceedings are, for any reason, void." 730 S.W.2d at 136. Accordingly, if the condemnation proceedings in the county court at law were void because the court lacked jurisdiction, the district court would have the authority to enjoin the City's entry onto the Schumanns' property.

## Condemnation Jurisdiction of County Court at Law

■ In their second and third points of error, the Schumanns assert that the County Court at Law of Guadalupe County does not have jurisdiction in eminent domain proceedings. The Schumanns rely on several arguments to support their position, including: (1) the enabling legislation for the County Court at Law of Guadalupe County does not expressly provide the court with eminent domain jurisdiction; (2) the source legislation for section 21.001 and 21.013, section 3266 of the Texas Civil Statutes, was jurisdictional and the term "county courts at law with jurisdiction" in section 21.013 only includes county courts at law whose enabling legislation grants the court eminent domain jurisdiction; and (3) the consequences of giving all county courts at law eminent domain jurisdiction would be "pandemonium and chaos" as exemplified by the absence of eminent domain jurisdiction in Bexar County's county courts at law. The City responds that section 21.001 grants concurrent jurisdiction over condemnation proceedings among district courts and county courts at law, citing decisions from the Houston and Fort Worth courts as support. *See, e.g., State v. Gracia,* 56 S.W.3d 196 (Tex.App.-Fort Worth 2001, no pet.); *Eller Media Co. v. State,* 51 S.W.3d 783 (Tex.App.-Fort Worth 2001, no pet.); *In re Burlington Northern & Santa Fe Ry. Co.,* 12 S.W.3d 891 (Tex.App.-Houston [14th Dist.] 2000, orig. proceeding [leave denied] ).

Section 21.001 of the Texas Property Code is contained in Chapter 21, Subchapter A entitled "Jurisdiction." *See* Tex. Prop.Code Ann. §§ 21.001, *et seq.* (Vernon 1984 & Supp.2002). Section 21.001 is entitled "Concurrent Jurisdiction" and states, "District courts and county courts at law have concurrent jurisdiction in eminent domain cases," Tex. Prop.Code Ann. § 21.001 (Vernon 1984).

Section 21.013 of the Texas Property Code is contained in Chapter 21, Subchapter B entitled "Procedure." *See* Tex. Prop. Code Ann. §§ 21.011, *et seq.* (Vernon 1984 & Supp.2002). Section 21.013 is entitled "Venue; Fees and Processing for Suit Filed in District Court" and states:

(a) The venue of a condemnation proceeding is the county in which the owner of the property being condemned resides if the owner resides in a county in which part of the property is located. Otherwise, the venue of a condemnation proceeding is any county in which at least part of the property is located.

(b) Except where otherwise provided by law, a party initiating a condemnation proceeding in a county in which there is one or more county courts at law with jurisdiction shall file the petition with any clerk authorized to handle such filings for that court or courts.

(c) A party initiating a condemnation proceeding in a county in which there is not a county court at law must file the condemnation petition with the district clerk. The filing fee shall be due at the time of filing in accordance with section 51.317, Government Code.

(d) District and county clerks shall assign an equal number of eminent domain cases in rotation to each court with jurisdiction that the clerk serves.

TEX. PROP.CODE ANN. § 21.013 (Vernon Supp.2002).

In *State v. Gracia,* the State of Texas filed a petition for condemnation in district court. 56 S.W.3d at 198. The district court appointed special commissioners, who rendered an award to the landowners. *Id.* The State filed a motion for nonsuit and verified plea to the jurisdiction seeking dismissal on the basis that the district court lacked subject matter jurisdiction. *Id.* Specifically, the State contended that section 21.013(b) placed jurisdiction over eminent domain proceedings exclusively in the county courts at law in counties that

have one or more county courts at law. *Id.*

The Fort Worth court noted that because the cause of action for condemnation and its remedy did not originate in common law, the legislature had the authority to designate a particular court as the exclusive tribunal to hear and determine condemnation proceedings. *Id.* at 200. The Fort Worth court then noted that in special proceedings not within common law jurisdiction, the statutory designation of venue is mandatory and jurisdictional. *Id.* However, the court distinguished this designation from condemnation cases because those statutory designations dealt with the designation of a particular county, not a particular tribunal. *Id.*

After discussing the historical amendments to section 21.013, the court asserted, "To interpret section 21.013(b) as jurisdictional would create an irreconcilable conflict between the statute and section 21.001, which clearly provides that district court and county courts at law have 'concurrent jurisdiction' in eminent domain cases." *Id.* at 201. The court reasoned, "A court should not assign a meaning to a statutory provision that would be inconsistent with other provisions of the act." *Id.* The court further reasoned that section 21.001 is contained in the jurisdictional subchapter of chapter 21, while section 21.103(b) is contained in the subchapter entitled "Procedure." *Id.*

In addition to the reasoning in *Gracia,* the City makes a compelling argument regarding the revisor's notes to various sections of the Texas Government Code containing the enabling legislation for at least fifty-four county courts at law in Texas. *See, e.g.,* TEX. GOV'T CODE ANN. §§ 25.0032, 25.0052, 25.0102, 25.0132, 25.0222, 25.0232, 25.0302, 25.0312, 25.0332, 25.0392, 25.0452, 25.0482, 25.0592, 25.0632, 25.0702, 25.0722, 25.0732, 25.0812, 25.0862,

25.0932, 25.0942, 25.1032, 25.1042, 25.1072, 25.1092, 25.1102, 25.1182, 25.1252, 25.1282, 25.1352, 25.1392, 25.1482, 25.1542, 25.1572, 25.1652, 25.1672, 25.1722, 25.1732, 25.1762, 25.1792, 25.1832, 25.1852, 25.1862, 25.1892, 25.1932, 25.1972, 25.2032, 25.2142, 25.2162, 25.2292, 25.2372, 25.2382, 25.2392, 25.2422, revisor's note (Vernon 1988). The revisor's notes state that the statutes were amended to omit language relating to the court's eminent domain jurisdiction because section 21.001 gives county courts at law concurrent jurisdiction; therefore, a specific grant of jurisdiction in the enabling legislation was no longer necessary. *See id.* If this court were to hold that section 21.001 does not give these county courts at law concurrent jurisdiction with the district courts, we would effectively deprive all of these county courts at law of eminent domain jurisdiction, which cannot be what the legislature intended.[1] In addition, the enabling legislation for Brazoria County, which has been amended to delete the specific reference to eminent domain jurisdiction, provides that the statutory county court is primarily responsible for and should give preference to various cases, including eminent domain cases. *See* Tex. Gov't Code Ann. § 25.0222 (Vernon 1988 & Supp.2002). If we adopt the Schumanns' position that the Brazoria county court at law does not have jurisdiction because its enabling legislation does not contain a specific grant of jurisdiction, the legislature would have enacted legislation requiring the Brazoria county court at law to give preference to a type of case it would not have jurisdiction to consider. Furthermore, the enabling legislation for the Denton County Statutory Probate Court indicates that the legislature intended section 21.001 to confer jurisdiction on all county courts at law. *See* Tex. Gov't Code Ann. § 25.0635 (Vernon Supp.2002) (providing that statutory probate court has jurisdiction over eminent domain cases as provided by Section 21.001, Probate Code, for statutory county courts). Finally, we would deprive county courts at law with recently enacted enabling legislation from exercising eminent domain jurisdiction even though the enabling legislation provides those courts with jurisdiction "as provided by other law." *See* Tex. Gov't Code Ann. §§ 25.0062, 25.0152, 25.0272, 25.0292, 25.1132, 25.1142, 25.1322, 25.1412, 25.1632, 25.1772, 25.2232 (Vernon Supp. 2002). In fact, based on our review of the relevant statutory provisions, the enabling legislation for only two county courts at law have a specific reference to eminent domain jurisdiction. *See* Tex. Gov't Code Ann. §§ 25.1802, 25.2222 (Vernon Supp. 2002)

We therefore hold that section 21.001 of the Texas Property Code conferred the Guadalupe County Court at Law with concurrent jurisdiction in eminent domain cases. The Schumanns' second and third points of error are overruled.

1. With regard to the Schumanns' argument regarding Bexar County, section 21.013(b) contains the introductory clause "except where otherwise provided by law." Tex. Prop. Code Ann. § 21.013 (Vernon Supp.2002). With regard to Bexar County, section 25.0173(a) provides, "Notwithstanding the local rules adopted under Section 74.093, the county clerk shall docket all eminent domain cases equally in Probate Court No. 1 and Probate Court No. 2." Tex. Gov't Code Ann. § 25.0173 (Vernon Supp.2002). Section 74.093 allows district and statutory county courts to adopt local rules providing for the assignment of cases subject to the jurisdictional limitations of the courts. Tex. Gov't Code Ann. § 74.093 (Vernon 1998). Therefore, the special provision in section 25.0173 regarding eminent domain cases in Bexar County means that Bexar County has otherwise provided by law the procedure to be used in filing and docketing eminent domain cases, excepting it from the general provision of section 21.013(b) of the Property Code.

## PROPER FILING OF PETITION

■ In their final point of error, the Schumanns contend that the county court at law lacked jurisdiction because section 25.0962 of the Texas Government Code required the Schumanns to file their petition with the district clerk. The City counters that section 21.013 of the Texas Property Code required that the petition be filed with the county clerk.

The only issue that we have jurisdiction to consider in this appeal with regard to the filing of the petition is whether the location in which a condemnation petition is filed is a jurisdictional matter or a procedural matter. If the issue is procedural, the proper location for filing the petition is an issue for which there is an adequate remedy at law, and the trial court would not have abused its discretion in denying the temporary injunction. *See Gordon,* 616 S.W.2d at 168.

In *Seiler,* the condemnors filed ten condemnation petitions with the judge of the 25th district court. 730 S.W.2d at 135. In discussing the effect of those filings, this court noted that prior to 1981, a petition for condemnation was filed with the district judge in all counties with no county court at law with eminent domain jurisdiction. *Id.* at 137. However, this court further noted that the 1981 amendments, which were effective when the condemnors filed their petitions in *Seiler,* required the petitions to be filed with the court clerk. *Id.*

In discussing the effect of filing the petition in the wrong location, this court noted that the procedures in a condemnation proceeding are governed by statutes which must be strictly followed for the benefit of the landowners. *Id.* at 136–37. We further noted that the filing of the statement or petition is the first step of the condemnation proceedings, and "it is by virtue of this step that jurisdiction of the subject matter is acquired." *Id.* at 137. We then held that the trial court did not acquire jurisdiction over the condemnation proceedings where the pleading was not filed in the proper place. *Id.*

In *Gracia,* the Fort Worth court reexamined the issue of whether filing a condemnation petition with the wrong clerk is a jurisdictional issue. 56 S.W.3d at 201–202. The Fort Worth court distinguished *Seiler,* asserting that the *Seiler* court also characterized the defect as a procedural irregularity and relied on cases that held the improper filing to be an irregularity in administrative procedure. *Id.* at 201–02. We do not agree that the *Seiler* decision can be so easily distinguished; however, we hold that the filing of a condemnation petition with the county clerk as opposed to the district clerk is a procedural issue, not a jurisdictional defect. *See Gracia,* 56 S.W.3d at 202. To the extent *Seiler* holds to the contrary, it is expressly overruled.

## CONCLUSION

The County Court at Law of Guadalupe County has concurrent jurisdiction in eminent domain proceedings, and the issue of whether the condemnation petition was filed with the wrong clerk is a procedural issue, not a jurisdictional one. Accordingly, the trial court did not abuse its discretion in denying the Schumanns' request for a temporary injunction.