**Annie M. MAIBAUM, Appellant,**

v.

**Charles MAIBAUM, Appellee.**

No. 10268.

Court of Civil Appeals of Texas.

Austin.

Dec. 1, 1954.

Rehearing Denied Jan. 5, 1955.

Harrison & Smallwood, San Antonio, for appellant.

B. F. Patterson, San Antonio, for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment of the County Court of Bexar County awarding to Charles Maibaum the entire damages assessed in a condemnation proceeding.

On May 28, 1953 the City of San Antonio instituted a suit in the County Court seeking to condemn a right of way across certain lands, alleging that the lands belonged to Charles Maibaum, Annie M. Maibaum and Helen Rivers. Commissioners appointed by the County Judge, assessed the damages to the landowners jointly in the sum of $9,138, which award was filed on June 10, 1953, and on July 1, 1953, the County Judge rendered his order approving the award to said three alleged landowners. Neither of the recited owners made appearance nor filed answer to the point when the award was made and approved.

On October 2, 1953, Charles Maibaum filed an application alleging that he was the owner of the entire award and that neither Annie M. Maibaum nor Helen Rivers had

any interest therein. After due notice appellant herein, Annie M. Maibaum, answered the claim of Charles Maibaum that he was the owner of all of the money, and prayed that it be denied.

In the order disbursing the funds in the registry of the Court it is recited

"* * * and having heard all pleadings, evidence and argument of counsel by all parties at interest, and having decided that the funds in the above styled and numbered cause now in the Registry of this Court should be distributed as hereinafter ordered,

"It is, therefore, ordered by the Court that the funds deposited in the Registry of this Court with the Clerk of this Court as the award in condemnation in this cause shall be paid by check or voucher by the Clerk of this Court to the order of the following named in the amounts shown, towit: * * * Charles Maibaum is to be paid the sum of $9138.00 * * *

"Now therefore, it is ordered and decreed by the Court that said above named sum of money namely $9138.00 be paid and delivered solely and in full to said Charles Maibaum, and it is so ordered.

"To which action and judgment of the Court the Claimant, Annie M. Maibaum, in open court excepted and gave notice of appeal to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas at San Antonio, Texas."

There was offered in evidence a warranty deed dated March 8, 1904 from H. H. McLane conveying the property to Helen Maibaum as her separate estate and a warranty deed from Helen Maibaum, a widow, dated August 15, 1931, to Charles Maibaum to the property which is the land across which the right of way was condemned. No other evidence is brought into the record if any other was adduced.

The point of error assigned is as follows:

"The trial court was without jurisdiction to render the order of February 16, 1954, directing the County Clerk to pay the funds deposited in the registry of the court to the Appellee because the term of the trial court at which the condemnation judgment was rendered had expired, no motion for a new trial had been filed, no appeal had been prosecuted from said judgment, and said order of February 16, 1954, constituting an attempt to amend and enlarge the terms of the final judgment of condemnation."

Appellant contends that a final judgment was rendered in the condemnation suit on July 1, 1953, awarding the three condemnees the sum of $9,183 which award was corrected on account of clerical error and as a matter of law to $9,138 on November 19, 1953.

The judgment dated July 1, 1953 provided that

"* * * that said Charles Maibaum, Annie M. Maibaum alias Annie M. Goodon and Helen Rivers do have and recover from the City of San Antonio, the $9,183.00 heretofore deposited in the registry of the Court in such proportion to their respective rights if any, as the Court may determine after hearing the respective claims to said deposit by the said Charles Maibaum, Annie M. Maibaum alias Annie M. Goodon, and Helen Rivers; * * *"

It is the further contention of appellant that the judgment dated July 1, 1953 was entered in the June, 1953 term of the County Court, which began on June 1, 1953 and ended on July 4, 1953, and that no motion for new trial was filed by any of the condemnees and no appeal taken, nor was the judgment modified or vacated.

That the application of Charles Maibaum claiming all of the award was not filed until October 2, 1953, and that the order of the County Judge was not rendered until February 16, 1954, awarding all of the funds to Charles Maibaum, from which

order the appeal was taken by Annie M. Maibaum, and that the court was without power to change or enlarge the terms of the judgment or make any further changes of a judicial character after the expiration of the June term of the court.

Appellee takes the position that the court had general jurisdiction and after the award had been placed with the registry of the court, the Judge had a continuing authority to disburse the funds, which did not cease with the adjournment of the court.

We believe that the court had the power to make a settlement of the money on deposit with the registry.

Article 3266, Secs. 6 and 7, Vernon's Ann.Civ.St. provides for the filing of objections to the decision and for a trial as in other civil cases; and that if no objections are filed within 10 days the County Judge shall cause the decision to be recorded, and make it the judgment of the court, and issue the necessary process to enforce the same.

At the time Charles Maibaum filed his motion for settlement there was no further action to be taken by the County Judge other than to make a just settlement of the sum paid under the order of the Commissioners and placed in the court registry, and the County Judge may at any time, as was done in this case, upon request of the condemnees or any one of them, after notice, disburse the funds as deemed legal and proper. The condemnees are not required by statute to file a separate suit to have the sum on deposit awarded and settled, as the settlement of the award is a part of the condemnation suit. White v. City of Waco, Tex.Civ.App., 171 S.W.2d 514, 516, error ref.

In the White Case the Court held:

"Having acquired jurisdiction generally over the subject matter in controversy, we think the County Court was also vested with judicial power and authority under the express provisions of Title 52 of the statutes to determine in this proceeding the value of

the interest which each condemnee owned in the land condemned, and to apportion among them separately the damages which the commissioners had awarded to them collectively."

The judgment of the trial court is affirmed.

Affirmed.