COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-05-391-CV

 

 

MORGAN IROHA AND CHARITY IROHA                                APPELLANTS

 

                                                   V.

 

JANG SON AND KYOUNG SON                                               APPELLEES

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                                   I.
Introduction

Appellants Morgan and Charity Iroha (Athe Irohas@) appeal the trial
court=s grant of summary
judgment in favor of appellees Jang and Kyoung Son (Athe Sons@) on the Irohas= breach of contract
claim.  We reverse and remand this case
for further proceedings. 

                                                    








                          II.  Factual and Procedural Background

On March 7, 2003,
the Irohas entered into a thirty-seven-month commercial lease agreement with
the Sons for purposes of opening a chiropractic clinic in southeast Fort
Worth.  After signing the lease, the
Irohas spent approximately $22,065.17 improving the property to make it
suitable for its intended use before receiving notice that Tarrant County
planned to condemn the property.  The
County subsequently filed its condemnation petition in Tarrant County Court at
Law Number Two, naming both the Irohas and the Sons as parties.  This prompted both the Irohas and the Sons to
each retain counsel to represent them throughout the course of the condemnation
proceedings.  Although the foregoing
facts are undisputed by the parties, the events that follow are hotly contested
and serve as the basis of the suit that ultimately gave rise to this appeal.








Through
affidavits filed with the trial court, the Irohas contend that, after Tarrant
County filed its condemnation petition and served them with process, their
attorney Ledford White telephoned the Sons= attorney Donald Ray to discuss issues relating to the
upcoming commissioners= hearing.  During
the course of this conversation, it is alleged that, in an effort to maximize
the condemnation award, White and Ray agreed to work together on the case and
divide any subsequent award pro rata between their respective clients.  Additionally, through White=s affidavit, the Irohas assert that White and Ray also
agreed to memorialize this alleged oral agreement in writing but that the
attorneys ultimately failed to do so. 
The Sons, however, deny the existence of any such agreement.       

Nevertheless, on
March 30, 2004, the trial court appointed three special commissioners, as
required by statute, to value the condemned property and assess any damages
that may arise as a result of the condemnation. 
The commissioners eventually awarded the parties a lump sum of $155,500
as compensation for both the condemned land and the improvements located
thereon.  Following the award, White sent
Ray a letter calculating what the Irohas believed to be their pro rata share of
the condemnation award.   However, according to White=s affidavit, Ray failed to respond to the letter or return
any of White=s subsequent phone calls.    








On August 2,
2004, the trial court signed a judgment awarding $155,500 to the parties
jointly after neither the Sons nor the Irohas filed objections to the
commissioners= award.  In
accordance with the judgment, the County then deposited a sum of money equal to
the amount of the award into the court=s registry.  This
prompted the Sons to file a motion to disburse with the trial court on August
9, 2004, seeking to collect the full $155,500 award.[2]  The Irohas responded by filing their own
motion requesting a disbursement of $22,065.17 to reimburse them for the loss
of their leasehold improvements.  In
response, the Sons challenged the Irohas= claim to any portion of the award, asserting that, under
the express terms of the lease, the Sons owned all improvements that were made
to the leasehold during the Irohas= tenancy.  

On August 17,
2004, the Irohas filed a cross-claim against the Sons for breach of contract,
alleging that they were entitled to a pro rata share of the commissioners= award based upon the oral agreement reached between the
parties= respective attorneys. 
The Sons answered and moved for summary judgment, asserting that there
was no such agreement, and, alternatively, even if there was, the oral
agreement Atouched@ upon the pending condemnation suit and was, therefore,
unenforceable under Rule 11 of the Texas Rules of Civil Procedure.  The trial court granted the Sons= motion for summary judgment and subsequently ordered the
funds remaining in the registry of the court to be paid to the Sons.[3]  This appeal followed.








                                                                              

 

                                                                  III.  Analysis

The Irohas now contend that the trial court
lacked jurisdiction to grant the Sons=
motion for summary judgment and that the court erred in finding the alleged
oral agreement unenforceable under Rule 11 of the Texas Rules of Civil
Procedure.[4]  We will address each of these points in turn.

                                                  A.  Jurisdiction

          In their first point, the Irohas contend that because
neither party filed objections to the commissioners=
award, the condemnation suit never became a pending judicial proceeding, and,
therefore, the trial court lacked jurisdiction to grant the Sons=
motion for summary judgment.  However,
the Sons argue that the Irohas invoked the jurisdiction of the court by seeking
affirmative relief by way of their breach of contract cross-claim. 








Condemnation
suits are special proceedings that may be initiated in Texas district courts or
county courts at law under the eminent domain statutes.  See generally Tex. Prop. Code Ann. '' 21.001-.016 (Vernon 2004).  The statutory scheme is a two‑part
process consisting of an initial administrative proceeding and then, if
necessary, a judicial proceeding.  Seiler
v. Intrastate Gathering Corp., 730 S.W.2d 133, 137 (Tex. App.CSan
Antonio 1987, no writ), overruled on other grounds by Schumann v. City of
Schertz, 100 S.W.3d 361 (Tex. App.CSan
Antonio 2002, no pet.).  In order to bring a condemnation suit, a party
having eminent domain authority and seeking to condemn property for public use
must file a petition in the district court or county court at law in the county
in which the land to be condemned is located.  Tex. Prop. Code Ann. '' 21.001, .012(a), .013. 
Once this petition is filed, the trial court judge has the authority to
appoint three special commissioners responsible for assessing the landowner=s damages and filing an award that reflects, in their
opinion, the fair market value of the condemned land.  Id. '' 21.014‑.016 & .042 (Vernon Supp. 2006); Amason
v. Natural Gas Pipeline Co., 682 S.W.2d 240, 241‑42 (Tex. 1984).  








When the property
to be condemned is subject to a lease, the special commissioners must first
determine the fair market value of the entire property as a whole and then, if
they are able, apportion that value between the lessor and the lessee in
accordance with the parties= respective interests in the land.  See Urban Renewal Agency v. Trammel,
407 S.W.2d 773, 774 (Tex. 1966); Aronoff v. City of Dallas, 316 S.W.2d
302, 307 (Tex. Civ. App.CTexarkana 1958, writ ref=d n.r.e.).  However,
if the commissioners are unable to determine the amount of the award that each
party is entitled to receive, the condemnation statutes permit the
commissioners to enter a general award in a lump sum payable jointly to the
lessor and lessee.  See Elliott v.
Joseph, 163 Tex. 71, 73-74, 351 S.W.2d 879, 880-81 (1961); Harrell v.
County of LaSalle, 348 S.W.2d 853, 854 (Tex. Civ. App.CEastland 1961, writ ref=d n.r.e.).  From the
time the condemnor files the original petition seeking condemnation until the
time the special commissioners= award is filed with the trial court, the proceeding is
administrative in nature.  Amason,
682 S.W.2d at 242; Lower Nueces River Water Supply Dist. v. Cartwright,
160 Tex. 239, 241, 328 S.W.2d 752, 754 (1959); Pearson v. State, 159
Tex. 66, 69, 315 S.W.2d 935, 936‑37 (1958).  During this period, the trial judge acts
solely as an administrative agent responsible for carrying out ministerial
duties that are imposed by operation of law rather than as the judge of a court
performing judicial duties in connection with a pending lawsuit.  Henderson v. Tex. Turnpike Auth., 308
S.W.2d 199, 201 (Tex. Civ. App.CDallas 1957, writ ref=d); see Pearson, 315 S.W.2d at 938.     








The procedural
course that a condemnation proceeding takes following the filing of the special
commissioners= award depends entirely upon the actions taken by the
condemnor and condemnee.  See Pearson,
315 S.W.2d at 937.  If the condemnor
is satisfied with the award, it must either pay the amount of the award to the
condemnee or deposit that amount into the court=s registry.  Tex. Prop. Code Ann. ' 21.021(a)(1). 
However, if either the condemnor or the condemnee is dissatisfied with
the award, the unsatisfied party must file timely objections with the court.  See id. ' 21.018(a).  Such
filings effectively vacate the commissioners= award and convert the administrative proceeding into a
pending civil cause of action with the condemnor as plaintiff and
condemnee as defendant.  Amason,
682 S.W.2d at 242.  So long as one of the parties objects to the award, both
parties have the right to appeal the judgment ultimately rendered by the trial
court.  See Tex. Prop. Code Ann. ' 21.063.








However, if
neither party objects to the award, the eminent domain proceeding remains
administrative in nature and never becomes a civil case.  See Dickey v. City of Houston, 501 S.W.2d
293, 294 (Tex. 1973), superseded by statute on other grounds, Tex. Prop. Code Ann. ' 21.049 (Vernon 2000). 
In those instances, there are no issues for the trial court, as
distinguished from the judge in her administrative capacity, to hear and
determine by way of exercising its judicial powers, and the judge is required,
by statute, to adopt the commissioners= award as the judgment of the court, record it in the
court=s minutes, and issue the process necessary to enforce it.  See Tex.
Prop. Code Ann. ' 21.061; Pearson, 315 S.W.2d at 938.  The judgment entered by the court does not
constitute a Ajudgment in a civil case,@ and thus, neither the condemnor nor the condemnee has the
right to appeal from that judgment.  Pearson,
315 S.W.2d at 938.

We agree with the Irohas that because the
parties failed to file objections to the commissioners=
award, the underlying condemnation suit never evolved into a judicial
action.  See id.  However, this had no effect on the trial
court=s
ability to exercise jurisdiction over the Sons=
motion for summary judgment.  The effect
of the parties= failure to file objections to
the commissioners= award is twofold.  See id. 
First, the county court at law had no jurisdiction to abate the
commissioners= joint award.  See id.  The court, by statute, could do nothing more
than accept the award as the proper measure of damages owed to the condemnees
and adopt it as the judgment of the court, which the court did in this case on
August 2, 2004.  See Tex. Prop. Code Ann. '
21.061.  Secondly, absent objections, the
parties to the suit were prohibited from attacking the validity or sufficiency
of that award.  See Pearson, 315
S.W.2d at 938.  However, in this case,
neither the Irohas= breach of contract action nor
the Sons=
motion for summary judgment served as procedural mechanisms to challenge the
validity or sufficiency of the commissioners=
award.  Rather, the parties merely sought
to resolve the issue relating to the appropriate apportionment of that award as
between the two condemnees.  








Once a joint condemnation award is reduced to
judgment and the amount thereof is placed in the registry of the court to the
order of the condemnees, the interest of each condemnee is established in and
automatically attaches to that fund as security for any possible damage
suffered by reason of the condemnee=s
dispossession.  See Fort Worth
Concrete Co. v. State, 400 S.W.2d 314, 317 (Tex. 1966).  Although a trial court has the authority to
disburse a condemnation award deposited in its registry, Taub v. Harris
County, No. 01‑93‑0007‑CV, 1996 WL 122626, *9 (Tex. App.CHouston
[1st Dist.] March 21, 1996, writ denied) (not designated for publication); see
Tex. Prop. Code Ann. '
21.021(a)(1), it has no authority to disburse any portion of that award to one
condemnee to the exclusion of any other condemnee until there has been a final
determination of each condemnee=s
compensable interest, if any, in those funds. 
See Fort Worth Concrete Co., 400 S.W.2d at 317.  Therefore, because the award in this case
was deposited into the registry of the court in a lump sum made payable to the
Irohas and the Sons jointly, the county court at law was unable to accurately
apportion the award, disburse the money in its registry, and finally dispose of
the case until the parties=
respective compensable interests in the funds were determined.  See id.; Wynnewood Bank and Trust v. State,
767 S.W.2d 491, 495 (Tex. App.C
Dallas 1989, no writ).  








Under the eminent domain statutes, a county
court at law has inherent jurisdictional power to set aside to each of the
owners named in a final judgment the amount of damages that is due to each of
them respectively. 1 Madison Rayburn, Rayburn
on Condemnation ' 15.11
(1998); see Maibaum v. Maibaum, 273 S.W.2d 922, 924-25 (Tex. Civ. App.CAustin
1954, no writ); White v. City of Waco, 171 S.W.2d 514, 516 (Tex. Civ.
App.CWaco
1943, writ ref=d).  Condemnees are not required, by statute, to
file a separate suit to have the funds on deposit with the trial court settled.  Maibaum, 273 S.W.2d at 924; see Rayburn on Condemnation '
15.11.  Rather, the settlement is part of
the condemnation suit, and the trial court has the power, upon the request of
the parties, to apportion the award and disburse the funds as it deems legal
and proper.  Maibaum, 273 S.W.2d
at 924;  see  Blaylock v. Riser, 163 Tex. 235, 236, 354
S.W.2d 134, 135 (1962).  Therefore,
because the Irohas= cross-action for breach of
contract, in effect, sought an apportionment of the joint commissioners=
award, the county court at law had jurisdiction to grant the Sons summary
judgment relief and ultimately award them the remaining award proceeds.  Accordingly, we overrule the Irohas= first
point.

                            B.  Texas Rule of Civil Procedure 11








By way of their
second point, the Irohas contend that the trial erred in
granting summary judgment on the basis that the alleged oral agreement between
the parties was unenforceable under rule 11. 
See Tex. R. Civ. P.
11.  We review the trial court=s
grant of summary judgment de novo.  See
FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex.
2000).  When reviewing a summary
judgment, we take as true all evidence favorable to the nonmovant, and indulge
every reasonable inference and resolve any doubts in the nonmovant=s
favor.  Sw. Elec. Power Co. v. Grant,
73 S.W.3d 211, 215 (Tex. 2002); Sci. Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997).  The party
moving for summary judgment bears the burden to show that no genuine issue of
material fact exists and that it is entitled to judgment as a matter of
law.  Haase v. Glazner, 62 S.W.3d
795, 797 (Tex. 2001); Rhone‑Poulenc, Inc. v. Steel, 997 S.W.2d
217, 223 (Tex. 1999).








Rule 11 of the Texas Rules of Civil Procedure
provides that Ano agreement between attorneys
or parties touching any suit pending will be enforced unless it be in writing,
signed and filed with the papers as part of the record, or unless it be made in
open court and entered of record.@  Tex.
R. Civ. P. 11.  It is undisputed
that the alleged oral agreement between the Sons and the Irohas in this case,
if any, Atouched
upon@ the
underlying condemnation suit.  However,
as explained above, the condemnation action never evolved into a judicial
proceeding and, thus, did not constitute a case pending in the county court at
law.  See Pearson, 315 S.W.2d at
938; Sinclair v. City of Dallas, 44 S.W.2d 465, 466 (Tex. Civ. App.CWaco
1931, writ ref=d).  Because the alleged agreement between the
Sons and the Irohas did not touch upon a Asuit
pending,@ rule
11 does not govern its enforceability.  See
Tex. R. Civ. P. 11.  Therefore, we conclude that the trial court
erred in granting summary judgment in favor of the Sons, and we sustain the
Irohas=
second point.  

                                           V.
Conclusion

Accordingly,
because the trial court erred in finding the alleged oral agreement
unenforceable as a matter of law under Rule 11 of the Texas Rules of Civil
Procedure, we reverse the county court at law=s order granting the Sons= motion for summary judgment.  We also vacate the order disbursing the funds
remaining in the registry of the court. 
We remand this case (1) with instructions for the trial court to order
the Sons to repay into the court=s registry all sums they received pursuant to that
disbursement and apportionment order, plus accrued interest, if any, and (2)
for the determination of the parties= compensable interest in the disputed portion of the
condemnation award.

 

ANNE GARDNER

JUSTICE

 

PANEL B:   DAUPHINOT, GARDNER, and MCCOY, JJ.

 

DELIVERED:  January 25, 2007











[1]See Tex. R. App. P. 47.4.





[2]This motion was later amended to
seek disbursement of the full award, less $1,232.76 which was owed to Fort
Worth I.S.D. and the City of Fort Worth by way of taxes.    





[3]The
county court at law had previously granted a joint motion filed by the parties
requesting that the undisputed portion of the award ($132,202.07) be distributed
to the Sons, thereby leaving $22,065.17 in the court=s
registry at the time of this order.  





[4]Because
we find these points to be dispositive, we will not address the Irohas=
alternative points of error. See Tex. R. App.
P. 47.1.