COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-391-CV

MORGAN IROHA AND CHARITY IROHA APPELLANTS

V.

JANG SON AND KYOUNG SON APPELLEES

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellants Morgan and Charity Iroha (“the Irohas”) appeal the trial court’s grant of summary 
judgment in favor of appellees Jang and Kyoung Son (“the Sons”) on the Irohas’ breach of contract claim.  We reverse and remand this case for further proceedings. 

II.  Factual and Procedural Background

On March 7, 2003, the Irohas entered into a thirty-seven-month commercial lease agreement with the Sons for purposes of opening a chiropractic clinic in southeast Fort Worth.  After signing the lease, the Irohas spent approximately $22,065.17 improving the property to make it suitable for its intended use before receiving notice that Tarrant County planned to condemn the property.  The County subsequently filed its condemnation petition in Tarrant County Court at Law Number Two, naming both the Irohas and the Sons as parties.  This prompted both the Irohas and the Sons to each retain counsel to represent them throughout the course of the condemnation proceedings.  Although the foregoing facts are undisputed by the parties, the events that follow are hotly contested and serve as the basis of the suit that ultimately gave rise to this appeal.

Through affidavits filed with the trial court, the Irohas contend that, after Tarrant County filed its condemnation petition and served them with process, their attorney Ledford White telephoned the Sons’ attorney Donald Ray to discuss issues relating to the upcoming commissioners’ hearing.  During the course of this conversation, it is alleged that, in an effort to maximize the condemnation award, White and Ray agreed to work together on the case and divide any subsequent award pro rata between their respective clients.  Additionally, through White’s affidavit, the Irohas assert that White and Ray also agreed to memorialize this alleged oral agreement in writing but that the attorneys ultimately failed to do so.  The Sons, however, deny the existence of any such agreement.       

Nevertheless, on March 30, 2004, the trial court appointed three special commissioners, as required by statute, to value the condemned property and assess any damages that may arise as a result of the condemnation.  The commissioners eventually awarded the parties a lump sum of $155,500 as compensation for both the condemned land and the improvements located thereon.  Following the award, White sent Ray a letter calculating what the Irohas believed to be their pro rata share of the condemnation award.  
 
However, according to White’s affidavit, Ray failed to respond to the letter or return any of White’s subsequent phone calls.    

On August 2, 2004, the trial court signed a judgment awarding $155,500 to the parties jointly after neither the Sons nor the Irohas filed objections to the commissioners’ award. 
 
In accordance with the judgment, the County then deposited a sum of money equal to the amount of the award into the court’s registry.  This prompted the Sons to file a motion to disburse with the trial court on August 9, 2004, seeking to collect the full $155,500 award.
(footnote: 2)  The Irohas responded by filing their own motion requesting a disbursement of $22,065.17 to reimburse them for the loss of their leasehold improvements.  In response, the Sons challenged the Irohas’ claim to any portion of the award, asserting that, under the express terms of the lease, the Sons owned all improvements that were made to the leasehold during the Irohas’ tenancy.  

On August 17, 2004, the Irohas filed a cross-claim against the Sons for breach of contract, alleging that they were entitled to a pro rata share of the commissioners’ award based upon the oral agreement reached between the parties’ respective attorneys.  The Sons answered and moved for summary judgment, asserting that there was no such agreement, and, alternatively, even if there was, the oral agreement “touched” upon the pending condemnation suit and was, therefore, unenforceable under Rule 11 of the Texas Rules of Civil Procedure.  The trial court granted the Sons’ motion for summary judgment and subsequently ordered the funds remaining in the registry of the court to be paid to the Sons.
(footnote: 3) 
 
This appeal followed.

III.  Analysis

The Irohas now contend
 that the trial court lacked jurisdiction to grant the Sons’ motion for summary judgment and that the court erred in finding the alleged oral agreement unenforceable under Rule 11 of the Texas Rules of Civil Procedure.
(footnote: 4)  We will address each of these points in turn.

A.  Jurisdiction

 
 In their first point, t
he Irohas contend that because neither party filed objections to the commissioners’ award, the condemnation suit never became a pending judicial proceeding, and, therefore, the trial court lacked jurisdiction to grant the Sons’ motion for summary judgment.  However, the Sons argue that the Irohas invoked the jurisdiction of the court by seeking affirmative relief by way of their breach of contract cross-claim. 

Condemnation suits are special proceedings that may be initiated in Texas district courts or county courts at law under the eminent domain statutes. 
 See generally
 
Tex. Prop. Code Ann.
 §§ 21.001-.016 (Vernon 2004).  
The statutory scheme is a two-part process consisting of an initial administrative proceeding and then, if necessary, a judicial proceeding.  
Seiler v. Intrastate Gathering Corp., 
730 S.W.2d 133, 137 (Tex. App.—San Antonio 1987, no writ), 
overruled on other grounds by Schumann v. City of Schertz
, 100 S.W.3d 361 (Tex. App.—San Antonio 2002, no pet.)
. 
 In order to bring a condemnation suit, a party having eminent domain authority and seeking to condemn property for public use must file a petition in the district court or county court at law in the county in which the land to be condemned is located. 
 Tex. Prop. Code Ann.
 §§ 
21.001, .012(a), .013.  Once this petition is filed, the trial court judge has the authority to appoint three special commissioners responsible for assessing the landowner’s damages and filing an award that reflects, in their opinion, the fair market value of the condemned land. 
 Id.
 §§ 21.014-.016 & .042 (Vernon Supp. 2006); 
Amason v. Natural Gas Pipeline Co.
, 682 S.W.2d 240, 241-42 (Tex. 1984).
  

When the property to be condemned is subject to a lease, the special commissioners must first determine the fair market value of the entire property as a whole and then, if they are able, apportion that value between the lessor and the lessee in accordance with the parties’ respective interests in the land.  
See Urban Renewal Agency v. Trammel
, 407 S.W.2d 773, 774 (Tex. 1966); 
Aronoff v. City of Dallas
, 316 S.W.2d 302, 307 (Tex. Civ. App.—Texarkana 1958, writ ref’d n.r.e.). 
 
However, if the commissioners are unable to determine the amount of the award that each party is entitled to receive, the condemnation statutes permit the commissioners to enter a general award in a lump sum payable jointly to the lessor and lessee.  
See Elliott v. Joseph, 
163 Tex. 71, 73-74, 351 S.W.2d 879, 880-81 (1961); 
Harrell v. County of LaSalle, 
348 S.W.2d 853, 854 (Tex. Civ. App.—Eastland 1961, writ ref’d n.r.e.).
  From the time the condemnor files the original petition seeking condemnation until the time the special commissioners’ award is filed with the trial court, the proceeding is administrative in nature. 
 Amason
, 682 S.W.2d at 242; 
Lower Nueces River Water Supply Dist. v. Cartwright
, 160 Tex. 239, 241, 328 S.W.2d 752, 754 (1959); 
Pearson v. State
, 159 Tex. 66, 69, 315 S.W.2d 935, 936-37 (1958).  During this period, the trial judge acts solely as an administrative agent responsible for carrying out ministerial duties that are imposed by operation of law rather than as the judge of a court performing judicial duties in connection with a pending lawsuit.  
Henderson v. Tex. Turnpike Auth., 
308 S.W.2d 199, 201 (Tex. Civ. App.—Dallas 1957, writ ref’d); 
see Pearson, 
315 S.W.2d at 938.     

The procedural course that a condemnation proceeding takes following the filing of the special commissioners’ award depends entirely upon the actions taken by the condemnor and condemnee.  
See Pearson, 
315 S.W.2d at 937.  If the condemnor is satisfied with the award, it must either pay the amount of the award to the condemnee or deposit that amount into the court’s registry.  
Tex. Prop. Code Ann.
 § 21.021(a)(1).  However, if either the condemnor or the condemnee is dissatisfied with the award, the unsatisfied party must file timely objections with the court. 
 See id.
 
§ 21.018(a).  Such filings effectively vacate the commissioners’ award and convert the administrative proceeding into a pending civil cause of action
 with the condemnor as plaintiff and condemnee as defendant.  
Amason
, 682 S.W.2d at 242.  
So long as one of the parties objects to the award, both parties have the right to appeal the judgment ultimately rendered by the trial court.  
See 
Tex. Prop. Code Ann.
 § 21.063.

However, 
if neither party objects to the award, the eminent domain proceeding remains administrative in nature and never becomes a civil case. 
 See Dickey v. City of Houston
, 501 S.W.2d 293, 294 (Tex. 1973), 
superseded by statute on other grounds
, 
Tex. Prop. Code Ann.
 § 21.049 (Vernon 2000).  In those instances, there are no issues for the trial court, as distinguished from the judge in her administrative capacity, to hear and determine by way of exercising its judicial powers, and the judge is required, by statute, to adopt the commissioners’ award as the judgment of the court, record it in the court’s minutes, and issue the process necessary to enforce it. 
 See
 
Tex. Prop. Code Ann.
 § 21.061; 
Pearson, 
315 S.W.2d at 938.
  
The judgment entered by the court does not constitute a “judgment in a civil case,” and thus, neither the condemnor nor the condemnee has the right to appeal from that judgment.  
Pearson, 
315 S.W.2d at 938.

We agree with the Irohas that because the parties failed to file objections to the commissioners’ award, the underlying condemnation suit never evolved into a judicial action.  
See id.  
However, this had no effect on the trial court’s ability to exercise jurisdiction over the Sons’ motion for summary judgment.  The effect of the parties’ failure to file objections to the commissioners’ award is twofold.  
See id.  
First, the county court at law had no jurisdiction to abate the commissioners’ joint award.  
See id.
  The court, by statute, could do nothing more than accept the award as the proper measure of damages owed to the condemnees and adopt it as the judgment of the court, which the court did in this case on August 2, 2004.  
See
 
Tex. Prop. Code Ann.
 § 21.061. 
 Secondly, 
absent objections, the parties to the suit were prohibited from attacking the validity or sufficiency of that award.  
See Pearson
, 315 S.W.2d at
 938.  However, in this case, neither the Irohas’ breach of contract action nor the Sons’ motion for summary judgment served as procedural mechanisms to challenge the validity or sufficiency of the commissioners’ award.  Rather, the parties merely sought to resolve the issue relating to the appropriate apportionment of that award as between the two condemnees.  

Once a joint condemnation award is reduced to judgment and the amount thereof is placed in the registry of the court to the order of the condemnees, the interest of each condemnee is established in and automatically attaches to that fund as security for any possible damage suffered by reason of the condemnee’s dispossession.  
See Fort Worth Concrete Co. v. State
, 
400 S.W.2d 314, 317 (Tex. 1966)
.  Although a trial court has the authority to disburse a condemnation award deposited in its registry, 
Taub v. Harris County,
 No. 01-93-0007-CV, 1996 WL 122626, *9 (Tex. App.—Houston [1st Dist.] March 21, 1996, writ denied) (not designated for publication); 
see 
Tex. Prop. Code Ann.
 § 21.021(a)(1), it has no authority to disburse any portion of that award to one condemnee to the exclusion of any other condemnee until there has been a final determination of each condemnee’s compensable interest, if any, in those funds.  
See Fort Worth Concrete Co., 
400 S.W.2d at 317
.  
Therefore, because the award in this case was deposited into the registry of the court in a lump sum made payable to the Irohas and the Sons jointly, the county court at law was unable to accurately apportion the award, disburse the money in its registry, and finally dispose of the case until the parties’ respective compensable interests in the funds were determined.  
See id.; Wynnewood Bank and Trust v. State
, 767 S.W.2d 491, 495 (Tex. App.— Dallas 1989, no writ)
.  

Under the eminent domain statutes, a county court at law has inherent jurisdictional power to set aside to each of the owners named in a final judgment the amount of damages that is due to each of them respectively. 
1 Madison Rayburn, 
Rayburn on Condemnation
 
§ 15.11 (
1998)
; see Maibaum v. Maibaum
, 273 S.W.2d 922, 924-25 (Tex. Civ. App.—Austin 1954, no writ); 
White v. City of Waco
, 171 S.W.2d 514, 516 (Tex. Civ. App.—Waco 1943, writ ref’d)
.  
Condemnees are not required, by statute, to file a separate suit to have the funds on deposit with the trial court settled.  
Maibaum, 
273 S.W.2d at 924; 
see 
Rayburn on Condemnation
 
§ 15.11. 
 Rather, the settlement is part of the condemnation suit, and the trial court has the power, upon the request of the parties, to apportion the award and disburse the funds as it deems legal and proper.  
Maibaum
, 273 S.W.2d at 924; 
 see  Blaylock v. Riser, 
163 Tex. 235, 236, 354 S.W.2d 134, 135 (1962).  Therefore, because the Irohas’ cross-action for breach of contract, in effect, sought an apportionment of the joint commissioners’ award, the county court at law had jurisdiction to grant the Sons summary judgment relief
 and ultimately award them the remaining award proceeds.  Accordingly, we overrule the Irohas’ first point.

B.  Texas Rule of Civil Procedure 11

By way of their second point, t
he Irohas contend that the trial erred in granting summary judgment on the basis that the alleged oral agreement between the parties was unenforceable under rule 11.  
See 
Tex. R. Civ. P.
 11.  We review the trial court’s grant of summary judgment de novo.  
See FM Props. Operating Co. v. City of Austin
, 22 S.W.3d 868, 872 (Tex. 2000).  When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and indulge every reasonable inference and resolve any doubts in the nonmovant’s favor.  
Sw. Elec. Power Co. v. Grant
, 73 S.W.3d 211, 215 (Tex. 2002); 
Sci. Spectrum, Inc. v. Martinez
, 941 S.W.2d 910, 911 (Tex. 1997).  The party moving for summary judgment bears the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  
Haase v. Glazner
, 62 S.W.3d 795, 797 (Tex. 2001); 
Rhone-Poulenc, Inc. v. Steel
, 997 S.W.2d 217, 223 (Tex. 1999).

Rule 11 of the Texas Rules of Civil Procedure provides that “no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.”  
Tex. R. Civ. P.
 11.  It is undisputed that the alleged oral agreement between the Sons and the Irohas in this case, if any, “touched upon” the underlying condemnation suit.  However, as explained above, the condemnation action never evolved into a judicial proceeding and, thus, did not constitute a case pending in the county court at law.  
See Pearson
, 315 S.W.2d at 938; 
Sinclair v. City of Dallas
, 44 S.W.2d 465, 466 (Tex. Civ. App.—Waco 1931, writ ref’d). 
 Because the alleged agreement between 
the Sons and the Irohas did not touch upon a “suit pending,” rule 11 does not govern its enforceability.  
See 
Tex. R. Civ. P.
 11.  Therefore, we conclude that the trial court erred in granting summary judgment in favor of the Sons, and we sustain the Irohas’ second point.  

 
 V.
 Conclusion

Accordingly, because the trial court erred in finding the alleged oral agreement unenforceable as a matter of law under Rule 11 of the Texas Rules of Civil Procedure, we reverse the county court at law’s order granting the Sons’ motion for summary judgment.  We also vacate the order disbursing the funds remaining in the registry of the court.  We remand this case (1) with instructions for the trial court to order the Sons to repay into the court’s registry all sums they received pursuant to that disbursement and apportionment order, plus accrued interest, if any, and (2) for the determination of the parties’ compensable interest in the disputed portion of the condemnation award.

ANNE GARDNER

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and MCCOY, JJ.

DELIVERED:  January 25, 2007

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
This motion was later amended to seek disbursement of the full award, less $1,232.76 which was owed to Fort Worth I.S.D. and the City of Fort Worth by way of taxes.    

3:
The county court at law had previously granted a joint motion filed by the parties requesting that the undisputed portion of the award ($132,202.07) be distributed to the Sons, thereby leaving $22,065.17 in the court’s registry at the time of this order.  

4:
Because we find these points to be dispositive, we will not address the Irohas’ alternative points of error.
 
See
 
Tex. R. App. P.
 47.1.